1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  CITY OF SACRAMENTO,                    No.  2:16-cv-2449 GEB DB PS

12              Plaintiff,

13       v.                                ORDER AND
                                           FINDINGS AND RECOMMENDATIONS
14  DANIEL J. ALTSTATT,

15              Defendant.

16

17       On October 13, 2016, defendant Daniel Altstatt filed a notice of removal of this action

18  from the Sacramento County Superior Court.  (ECF No. 1.)  Defendant Altstatt is proceeding pro

19  se.  Accordingly, the matter has been referred to the undersigned for all purposes encompassed by

20  Local Rule 302(c)(21).

21       On October 18, 2016, the undersigned issued an order requiring defendant to show cause

22  in writing as to why this action should not be summarily remanded to the Sacramento County

23  Superior Court due to a lack of subject matter jurisdiction.  (ECF No. 3.)  On November 4, 2016,

24  defendant filed a motion for an extension of time to file a motion to dismiss.  (ECF No. 5.)  On

25  November 16, 2016 defendant filed a motion to dismiss.[1]  (ECF No. 8.)

26  ////

27  _____

28  [1]  Defendant noticed that motion for hearing before the undersigned on December 7, 2016, in
     violation of Local Rule 230 which requires not less than 28 days' notice.

                                           1

1    Jurisdiction is a threshold inquiry that must precede the adjudication of any case before

2 the district court.  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d

3 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited jurisdiction and may adjudicate

4 only those cases authorized by federal law.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375,

5 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).  "Federal courts are presumed

6 to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'"  Casey v. Lewis,

7 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534,

8 546 (1986)).

9    Lack of subject matter jurisdiction may be raised by the court at any time during the

10 proceedings.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir.

11 1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it] has

12 subject-matter jurisdiction."  Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  It is the

13 obligation of the district court "to be alert to jurisdictional requirements."  Grupo Dataflux v.

14 Atlas Global Group, L.P., 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court

15 cannot decide the merits of a case or order any relief.  See Morongo, 858 F.2d at 1380.

16    It is well established that the statutes governing removal jurisdiction must be "strictly

17 construed against removal."  Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir.

18 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)); see also Syngenta

19 Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Martinduque v. Placer

20 Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  "Federal jurisdiction must be rejected if there

21 is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564,

22 566 (9th Cir. 1992).  "'The burden of establishing federal jurisdiction falls on the party invoking

23 removal.'"  Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994)

24 (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)); see also Provincial

25 Gov't of Martinduque, 582 F.3d at 1087.

26    The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer

27 "federal question" and "diversity" jurisdiction, respectively.  Federal jurisdiction may also be

28 conferred by federal statutes regulating specific subject matter.  "[T]he existence of federal

jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." <u>ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality</u>, 213 F.3d 1108, 1113 (9th Cir. 2000).

District courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." <u>Lew v. Moss</u>, 797 F.2d 747, 749 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff." <u>In re Digimarc Corp. Derivative Litigation</u>, 549 F.3d 1223, 1234 (9th Cir. 2008).

As the undersigned noted in the October 18, 2016 order to show cause, it appears that plaintiff's complaint asserts only state law causes of action. (ECF No. 1 at 18.) Moreover, although the defendant alleges that he "is a 'foreign state'" because he "sojourns upon the lands within the lands within the territorial jurisdiction of the court," it appears that the defendant and plaintiff are both citizens of the State of California. (ECF No. 1 at 4, 20.)

The undersigned provided defendant with an opportunity to address this issue. Defendant responded by filing a motion to dismiss. Therein, defendant asserts that "this court lacks jurisdiction over the subject matter of the claim set forth in the complaint," because the amount in controversy is less than $75,000.[2] (ECF No. 8 at 1.)

////

////

////

////

---

[2] Defendant also argues that the court lacks personal jurisdiction over the defendant and asks that the complaint be dismiss with prejudice. (ECF No. 8 at 2.)

1    Accordingly, IT IS HEREBY ORDERED that:

2    1.  Defendant's November 4, 2016 application for an extension of time (ECF No. 5) is

3    granted *nunc pro tunc*; and

4    2.  The December 7, 2016 hearing of defendant's motion to dismiss is vacated.

5    IT IS ALSO HEREBY RECOMMENDED that this matter be summarily remanded to the

6    Sacramento County Superior Court and that this case be closed.

7    These findings and recommendations will be submitted to the United States District Judge

8    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14)

9    days after being served with these findings and recommendations, plaintiff may file written

10   objections with the court.  A document containing objections should be titled "Objections to

11   Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

12   objections within the specified time may, under certain circumstances, waive the right to appeal

13   the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14   Dated:  November 29, 2016

15

16

17   DEBORAH BARNES
     UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24   DLB:6
25   DLB1\orders.pro se\sacramento2449.sj.f&rs

26

27

28

4